UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL ROBERTS,

    Plaintiff,

        v.                                           Case No. 11-cv-266-JPG

B. NEAL, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 93) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motions for summary judgment filed by defendants B. Neal, Jarrod Selby, Thad Woodside, Doty, Alvis and J. Davis and dismiss without prejudice plaintiff Carl Roberts' Eighth Amendment claims against them.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Frazier found that none of the grievances Roberts administratively exhausted complained sufficiently of the wrongful acts alleged in this case. He further found that Roberts was not prevented from exhausting his administrative remedies about the acts alleged in this case because grievance forms were not available, because he did not have access to his medical records or because he filed a grievance that was ignored or lost.

Specifically, Magistrate Judge Frazier found, among other things, that Roberts failed to properly exhaust an April 24, 2009, emergency grievance regarding the deliberate indifference alleged in this case because he did not timely bring the matter before the Administrative Review Board ("ARB"), which dismissed the grievance as untimely.

Roberts objects and argues that the warden did not timely respond to his emergency grievance.  It is important to note that the ARB did not dismiss Roberts' grievance because the warden had not responded but because Roberts had not timely brought the matter before the ARB. Thus, the warden's failure to provide a timely response did not make it impossible for Roberts to bring his complaint before the ARB.  Roberts could have sent his grievance to the ARB when it became clear the warden was not treating his grievance as an emergency by expediting review. Instead, he waited more than six weeks after sending his emergency grievance to the warden to approach the ARB.  This was also more than three weeks after his counselor advised him to bring the matter before the ARB and after his transfer to another institution, at which time the Illinois Administrative Code directs him to approach the ARB directly.  *See* 20 Ill. Admin. Code. § 504.870(a)(4).  This is a failure to exhaust available administrative remedies.

Roberts also challenges Magistrate Judge Frazier's conclusion that grievance forms were not available to Roberts.  He states in his objection that he was at times able to obtain forms depending on the counselor from which he sought them, from other inmates, or from the institution's law library, although access was limited when the institution was on lock-down. These statements demonstrate that Roberts had periodic access to forms, although not as often as he would have liked, and had the ability to get a form to file a grievance about the alleged wrongdoing at issue in this case.

Roberts' objects to Magistrate Judge Frazier's finding that he was not denied access to his medical file. However, he does not contest that he could have inspected his file according to the Illinois Administrative Code, 20 Ill. Admin. Code § 107.330(b) & (c), even if he could not receive copies of medical records as quickly as he would have liked. His failure to obtain copies of his medical records does not excuse him from exhausting his administrative remedies.

Roberts' other objections are immaterial to the outcome of this case or were resolved correctly in the Report.

For the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 93) in its entirety;

- **GRANTS** the motions for summary judgment filed by defendants B. Neal, Jarrod Selby, Thad Woodside, Doty, Alvis and J. Davis (Docs. 67, 69 & 71);

- **DISMISSES without prejudice** plaintiff Carl Roberts' Eighth Amendment claims (Count 1) against defendants B. Neal, Jarrod Selby, Thad Woodside, Doty, Alvis and J. Davis for failure to exhaust administrative remedies;

- **DENIES as moot** all other pending motions (Docs. 97, 98 & 100); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: January 30, 2013**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**