IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-266-SMY-PMF |
| | ) |
| B. NEAL *et. al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Philip M. Frazier (Doc. 184). Judge Frazier recommends denying Plaintiff's Motion to Dismiss Defendants' Motions for Summary Judgment (Doc. 176) and granting Defendants' motions for summary judgment (Docs. 155, 164). The Report and Recommendation was entered on May 17, 2016, and Plaintiff filed a timely objection (Doc. 185). For the reasons stated below, the Court overrules Plaintiff's objections and **ADOPTS** the Report and Recommendation of Magistrate Judge Frazier in its entirety.

## Background

Plaintiff, an inmate in the Illinois Department of Corrections, filed this action alleging that his constitutional rights were violated during his incarceration at Big Muddy Correctional Center. On March 31, 2009, Plaintiff suffered an injury to his right hand following an altercation with another inmate. Prison officials handcuffed Plaintiff and escorted him to the health care unit ("HCU") where Plaintiff was evaluated by Defendant Brian Neal, a registered nurse. Neal observed slight swelling to Plaintiff's right hand. During the evaluation, Neal did not request the removal of Plaintiff's handcuffs nor did he inquire about any limitations in the mobility of Plaintiff's fingers. Neal instructed Plaintiff to follow up as needed if his symptoms changed.

Nurses at Big Muddy did not have the authority to order pain medication or x-rays, however Neal could have recommended such treatment to Dr. Larsen, the supervising physician. After reviewing Neal's evaluation, Dr. Larsen agreed that Plaintiff should follow up if his symptoms changed.

After leaving the HCU, Plaintiff was transported to the segregation unit where he developed swelling of his entire hand. Plaintiff notified correctional officer Defendants Jarrod Selby and Thad Woodside that he was in pain and needed medication. Plaintiff asserts that neither responded to his requests for pain medication. On his third request for assistance, Defendant Doty informed Plaintiff that the HCU had been notified and that someone was on the way.

Later that day, Nurse Puckett evaluated Plaintiff. She observed swelling and limited motion. After consulting with Dr. Larsen, Plaintiff was given Ibuprofen 200 mg and placed on the sick call line. Two days later, Plaintiff received an x-ray which showed a fracture of the second metacarpal bone in his right hand. Plaintiff was referred to an orthopedic specialist and received treatment for his hand. During his treatment and after the fracture healed, Plaintiff continued to report symptoms of pain. Plaintiff reports that he continues to suffer from pain and stiffness in his hand.

Plaintiff filed this action in April 2011. On July 8, 2014, Plaintiff moved for appointed counsel (Doc. 132). The Court granted Plaintiff's motion and attempted to recruit counsel on Plaintiff's behalf (Doc. 136). However, after contacting 70 attorneys on the Court's voluntary *pro bono* panel, the Court was unable to locate a volunteer to represent Plaintiff (Doc. 138). Plaintiff was granted leave to refile the motion for recruitment of counsel at a later stage in the litigation (*Id.*). Plaintiff moved on several other occasions for the recruitment of counsel (*see* Docs. 143, 161). Each time, the Court contacted numerous attorneys on the Court's voluntary

pro bono panel, but was unable to locate a volunteer (*see* Doc. 148, 175). Plaintiff was advised to continue litigating his case as best he could and was granted leave to refile his motion for counsel.

On March 26, 2015, Plaintiff moved for an extension of time to complete discovery (Doc. 152), which the Court granted (Doc. 160). On April 13, 2015, Defendant Neal filed his motion for summary judgment (Doc. 155). Defendants Woodside, Selby, and Doty filed their motion for summary judgment on May 29, 2015 (Doc. 164). Plaintiff requested and received extensions to respond to the motions (*see* Doc. 173). Contemporaneously with his response in opposition to the motions for summary judgment, Plaintiff filed a motion to dismiss Defendants' motions for summary judgment (Doc. 176).

## Discussion

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

### Plaintiff's Motion to Dismiss

Plaintiff seeks the dismissal of Defendants' motions for summary judgment asserting that Defendants failed to comply with his discovery requests seeking relevant information. In the Report and Recommendation ("Report"), Judge Frazier found that Plaintiff failed to provide an affidavit or declaration, pursuant to Rule 56(d)(1) of the Federal Rules of Civil Procedure, establishing that he is unable to present facts essential to his opposition to Defendants' motions for summary judgment. Further, Judge Frazier found that Plaintiff has had continual access to

his medical records as evidenced from Plaintiff's pleadings; coupled with his recollection and statements regarding the events at issue in this litigation, Judge Frazier concluded that Plaintiff had the necessary evidence to oppose Defendants' motions.  Accordingly, Judge Frazier recommended denying Plaintiff's motion to dismiss.

Plaintiff objects to the Report by reiterating arguments previously made in his motion to dismiss and addressed by Judge Frazier.  Specifically, Plaintiff contends that he was not provided an adequate amount of time to pursue discovery and that he did not receive certain medical documentation needed to adequately respond to the motions for summary judgment.

Rule 56(d) states "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or take discovery; or (3) issue any other appropriate order." Fed.R.Civ.P. 56(d).  Vague assertions that discovery would develop genuine issues of material fact are insufficient to a party seeking protection under Rule 56(d).  *See Grundstat v. Ritt,* 166 F.3d 867, 873 (7th Cir.1999).

Here, Plaintiff failed to establish by affidavit or declaration that he cannot present facts necessary to oppose Defendants' motions for summary judgment.  Furthermore, Plaintiff's mere allegations that he has not had the opportunity to conduct discovery is not sufficient to defeat a motion for summary judgment. "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted.  In fact, the Seventh Circuit has noted that 'the fact that discovery is not complete—indeed has not begun—need not defeat [a motion for summary judgment].' " *Waterloo Furniture Components, Ltd. v. Haworth, Inc.,* 467 F.3d 641, 648 (7th Cir.2006).  Accordingly, Plaintiff's arguments for dismissal are untenable.

Moreover, the record indicates that Plaintiff was given more than enough time to pursue discovery. The parties were provided an additional six months to complete discovery and, on

Plaintiff's request, the Court reopened discovery for an additional 25 days following the filing of Defendant Neal's motion for summary judgment. Thus, the Court overrules Plaintiff's objections regarding his inability to pursue discovery and the alleged missing documentation.

Plaintiff next asserts that, although the Court granted his motion for recruitment of counsel, no attorney was ever appointed to assist him. He contends that he would have had access to certain unidentified documents had counsel been appointed. On three separate occasions, the Court contacted numerous attorneys admitted to practice law in this district and was unable to locate a volunteer to represent Plaintiff. The Court directed Plaintiff to continue representing himself to the best of his ability during the recruitment effort.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Here, it appears from Plaintiff's submissions to the Court that he possesses the literacy, communication skills and intellectual capacity to litigate his case. To the extent Plaintiff's legal research was hampered by his status as an inmate, the Court provided Plaintiff with numerous extensions of time to complete discovery and an additional three months to respond to Defendants' motions for summary judgment. Contrary to Plaintiff's assertions, the record indicates that he had sufficient access to his medical records and was able to present his claims in a cognizable manner. The Court finds that the inability to recruit counsel is not grounds for granting Plaintiff's motion to dismiss Defendants' motions for summary judgment and, therefore, overrules Plaintiff's objections.

**Defendants' Motions for Summary Judgment**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Causation of harm is an essential element of a deliberate

indifference to medical needs claim, and if an official was deliberately indifferent to a medical need but caused no harm, there can be no liability. *See Henderson v. Sheahan,* 196 F.3d 839, 848 (7th Cir. 1999) ("[A] plaintiff must demonstrate both that he has suffered an 'actual' present injury and that there is a causal connection between that injury and the deprivation of a constitutionally protected right caused by a defendant.").

"A delay in the provision of medical treatment for painful conditions can support a deliberate-indifference claim ... so long as the medical condition is sufficiently serious or painful." *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir.2008) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1372 (7th Cir.1997)) (internal quotations omitted)). The Seventh Circuit requires that a plaintiff introduce verifying medical evidence into the record to establish the detrimental effect of the delay. *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir.1996).

In the Report, Judge Frazier found that Defendant Neal was entitled to summary judgment because there was no evidence establishing that Plaintiff suffered any detrimental effect from the delay in receiving a diagnostic x-ray or treatment for relief of pain. Judge Frazier concluded that the evidence presented, even when viewed in the light most favorable to Plaintiff, was insufficient to create a material issue of fact. Regarding Defendants Woodside, Doty and Selby, Judge Frazier found that the 4 to 5 hour delay in providing care to Plaintiff's non-life threatening injury was not deliberate indifference and noted that the alleged delay experienced by Plaintiff is also typically experienced by ordinary citizens seeking medical attention outside of a prison.

Plaintiff has no objections to the factual findings in the Report, but objects to Judge Frazier's conclusion that Defendant Neal is entitled to judgment as a matter of law on Plaintiff's deliberate indifference claim (Doc. 185). Plaintiff's medical records show that he suffered a fracture of the second metacarpal bone in his right hand. However, although Defendant Neal did

not provide Plaintiff with Ibuprofen or recommend an x-ray, the Court agrees with Judge Frazier that there is no verifying medical evidence that this alleged delay exacerbated his condition nor does the record establish that Plaintiff suffered substantial harm as a result of a delay in receiving medical care. Rather, even after weeks of receiving pain medications and treatment, Plaintiff continued reporting pain. The Court also agrees with Judge Frazier that the only rational conclusion to be drawn from the medical record is that Plaintiff's pain was a result of his hand injury rather than from any alleged delayed diagnosis or treatment. Accordingly, Plaintiff's objections to the granting of Defendant Neal's motion are overruled.

Plaintiff does not object to the recommended disposition of his claims against Defendants Woodside, Doty and Selby. Where no specific objections to the Report and Recommendation are made, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999).

The Court has carefully reviewed Judge Frazier's Report and Recommendation and agrees with his conclusion that the approximately 4 to 5 hour delay between Plaintiff first requesting medical care from the Defendants until he was seen by Nurse Puckett does not constitute deliberate indifference. *See Knight v. Wiseman*, 590 F.3d 458, 466 (7th Cir. 2009). Accordingly, the Court adopts Magistrate Judge Frazier's Report granting summary judgment to Defendants Woodside, Doty and Selby.

## Conclusion

For the foregoing reasons, Magistrate Judge Frazier's Report and Recommendation (Doc. 184) is adopted. Defendants' motions for summary judgment (Docs. 155, 164) are **GRANTED** and Plaintiff's Motion to Dismiss (Doc. 176) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 15, 2016**

                                                    **s/ Staci M. Yandle**
                                                    **STACI M. YANDLE**
                                                    **United States District Judge**